IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 07-345 |
| | ) | <u>See</u> Civil Action No. 10-1495 |
| JASON ARBUTISKI, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

## ORDER

AND NOW, this 3rd day of January, 2011, upon consideration of Defendant/Petitioner's <u>pro se</u> "Motion for Sentence Reduction Pursuant to 28 U.S.C. § 2255" (document No. 73) filed in the above-captioned matter on November 11, 2010,

IT IS HEREBY ORDERED that said Motion is DISMISSED.

The indictment in this case charged Petitioner with one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4(B). On May 7, 2008, Petitioner changed his previous plea of not guilty to a plea of guilty as to Count One of the indictment. In connection with his change of plea, he and the Government entered into a plea agreement (document No. 40) which included the following provision:

> Jason Arbutiski waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
>
> > (a) If the United States appeals from the sentence, Jason Arbutiski may take a direct appeal from the sentence.

1

> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Jason Arbutiski may take a direct appeal from the sentence.
>
> Jason Arbutiski further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

The Court accepted Petitioner's plea, and he was subsequently sentenced to 78 months' imprisonment and five years' supervised release. Defendant appealed. On April 28, 2010, the Third Circuit granted the Government's Motion to enforce the Appellate Waiver and for Summary Action. See document 74. Petitioner proceeded to file the present motion seeking to reduce his sentence under 28 U.S.C. § 2255.

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." However, in this case, it is not necessary for the Court to consider the merits of Petitioner's claims under Section 2255 because, pursuant to the plea agreement in this case, Petitioner has clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief.

A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d

2

Cir. 2001); United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38. In the present case, Petitioner does not allege, much less present evidence suggesting or establishing, that he entered into the waiver contained in the plea agreement unknowingly or involuntarily. Further, Petitioner does not allege that enforcing the waiver will work a miscarriage of justice.

Moreover, the Court's independent evaluation of the validity of the collateral waiver has not identified any reason why the waiver should not be enforced. It is evident from the transcript of the change of plea hearing in this case that, before accepting Petitioner's plea agreement, this Court assured itself that Petitioner had not been threatened to enter into the agreement and that no one had made any promises other than those contained in the plea agreement that induced him to plead guilty. The Government attorney explained in open court that Petitioner was waiving his right to file a motion to vacate his sentence under Section 2255, and Petitioner stated that he had agreed to the terms as stated by the Government attorney. In addition, the Court directly questioned Petitioner as to whether he understood that he had entered into an agreement in which he waived his right to file a motion to vacate his sentence or any other collateral proceeding attacking his conviction or sentence, and he answered in the affirmative. Furthermore, Petitioner signed the plea agreement and acknowledged, both in writing and to the Court verbally, that he had reviewed the plea agreement himself and discussed it with his attorney. Accordingly, nothing in the record demonstrates anything

other than a knowing and voluntary waiver. Likewise, there is nothing in the record that would suggest that enforcement would work a miscarriage of justice.

Accordingly, Petitioner's motion is dismissed. Further, because the Court does not reach the merits of Petitioner's claims, there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

cc: Jason Arbutiski
#09623-068
FCI Fort Dix
S.H.U., D.S. 17
P.O. Box 2000
Fort Dix, NJ 08640